UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ARTHUR SAMPSON, JR. and CONNIE NICHOLS, Individually and on behalf of others similarly situated | CIVIL ACTION NO.: |
| VERSUS | HONORABLE JUDGE: |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE: |

**COMPLAINT FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION**

The complaint of ARTHUR SAMPSON, JR. and CONNIE NICHOLS, of lawful age and residents of the Parish of Evangeline, State of Louisiana, individually and on behalf of others similarly situated, herein represented by undersigned counsel, represent that:

1.

Made defendant herein is the following, to-wit:

a)  USAA CASUALTY INSURANCE COMPANY (USAA), a foreign insurance company licensed to do and is doing business in the State of Louisiana.

2.

Defendant is truly indebted to the complainants in an amount commensurate with the damages sustained for the following, to-wit:

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.

Named complainants and potential class members were Louisiana resident policyholders of USAA Casualty Insurance Company which is a foreign insurance company authorized to do

and doing business in Louisiana and which issues automobile insurance policies through its various entities to include USAA General Indemnity Company and USAA Insurance Agency, Inc. in Evangeline Parish, Louisiana.

5.

As hereinafter more fully appears, the defendant breached its contractual obligations under policies issued in Evangeline Parish, State of Louisiana.

6.

The issues raised herein arise out of defendant's contractual relations created and issued within the State of Louisiana.

## BACKGROUND AND BASIS FOR CLAIMS

7.

On or about February 18, 2017, Complainant, Arthur Sampson, Jr's, vehicle, a 2012 Mazda 6 Sport, was involved in an accident in the State of Louisiana.

8.

The Complainant, Arthur Sampson, Jr.'s, vehicle, a 2012 Mazda 6 Sport was severely damaged in this accident so that the estimates to repair the vehicle exceeded seventy-five percent of the value of the vehicle. Complainant made a claim against the collision coverage of his automobile policy with USAA Casualty Insurance Company.

9.

On or about August 13, 2016, Complainant, Connie Nichols', vehicle, a 2011 Buick LaCrosse CXL 4-Door Sedan, received flood damage in Evangeline Parish, Louisiana.

10.

The Complainant's vehicle, a 2011 Buick LaCrosse CXL 4-Door Sedan, was severely damaged in this flood so that the estimates to repair the vehicle exceeded seventy-five percent of the value of the vehicle. Complainant made a claim against the collision coverage of her automobile policy with USAA Casualty Insurance Company.

11.

USAA Casualty Insurance Company is an automobile insurer that writes policies in Louisiana, including the policy issued to Complainants, which provide that, in return for payment of a premium, USAA Casualty Insurance Company will pay the actual cash value (ACV) of an insured vehicle when a total loss occurs.

12.

To determine ACV, USAA Casualty Insurance Company employed the use of a valuation product marketed and sold to it by CCC Information Services, Inc. and called the CCC One Market Valuation Report.

13.

The aforementioned CCC market valuation report is a product marketed exclusively to insurance companies like USAA by CCC Information Services, Inc.

14.

Louisiana law requires insurers to use one of three methods to determine ACV for an insured's total loss vehicle as outlined in LSA-R.S. 22:1892.

15.

LSA-R.S. 22:1892B(5)(a) provides for the use of a fair market survey conducted using qualified retail automobile dealers in the local market, or the nearest reasonable market if there are no dealers in the local market.

16.

LSA-R.S. 22:1892B(5)(b) provides that the retail cost can be determined by a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation documents generated by the database are provided to the first party claimant, or a guidebook that is available to the general public.

17.

LSA-R.S. 22:1892B(5)(c) provides for the use of a qualified expert appraiser selected and agreed upon by the insured and insurer.

18.

The relevant portion of the CCC One Market Valuation Report for Complainant, Arthur Sampson, Jr., is copied and inserted here:

CCC ONE MARKET VALUATION REPORT

*Prepared for USAA*

## REPORT SUMMARY

### CLAIM INFORMATION

| | |
|---|---|
| Owner | Sampson Jr, Sn Arthur<br>612 W Magnolia St,null<br>Ville Platte, LA 70586 |
| Loss Vehicle | 2012 Mazda 6 Sport Automatic |
| Loss Incident Date | 02/08/2017 |
| Claim Reported | 02/14/2017 |

### INSURANCE INFORMATION

| | |
|---|---|
| Report Reference Number | 83749177 |
| Claim Reference | 038342653000000004001 |
| Adjuster | Barbee, Robert |
| Odometer | 125,715 |
| Last Updated | 02/14/2017 04:21 PM |

### VALUATION SUMMARY

| | |
|---|---|
| **Base Vehicle Value** | **$ 6,463.00** |
| UPD EST $928.00-50% | - $ 464.00 |
| **Adjusted Vehicle Value** | **$ 5,999.00** |
| Vehicular Tax (10%) | + $ 599.90 |
| Tax reflects applicable state, county and municipal taxes. | |
| **Total** | **$ 6,598.90** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by USAA.

Loss vehicle has 72% greater than average mileage of 73,200.

**BASE VEHICLE VALUE**

This is derived from comparable vehicle(s) available or recently available in the marketplace at the time of valuation, per our valuation methodology described on the next page.

**ADJUSTED VEHICLE VALUE**

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

**Inside the Report**

Valuation Methodology.......2
Vehicle Information.......3
Vehicle Condition.......6
Comparable Vehicles.......7
Valuation Notes.......10
Supplemental Information.......11

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.



19.

The CCC valuation report describes the "Base Vehicle Value" for Complainant, Arthur Sampson, Jr.'s 2012 Mazda 6 Sport with 125k miles as $6,463.00.

20.

From this $6,463.00 amount an "UPD Est. of $928.00-50%" ($464 unrelated damage) is applied causing a deduction of $464.00 and giving an "Adjusted Vehicle Value" of $5,999.00. A 10% vehicle tax is then added of $599.90 leaving a Total of $6,598.90.

21.

The relevant portion of the CCC One Market Valuation Report for Complainant, Connie Nichols, is copied and inserted here:

CCC ONE. MARKET VALUATION REPORT

*Prepared for USAA*

## REPORT SUMMARY

### CLAIM INFORMATION

| | |
|---|---|
| Owner | Nichols, Connie<br>Ville Platte, LA 70586 |
| Loss Vehicle | 2011 Buick LaCrosse CXL FWD |
| Loss Incident Date | 08/13/2016 |
| Claim Reported | 08/25/2016 |

### INSURANCE INFORMATION

| | |
|---|---|
| Report Reference Number | 81974934 |
| Claim Reference | 017463146000000004001 |
| Adjuster | Gore, Tiffany |
| Appraiser | Fontenot, Lucas |
| Odometer | UNKNOWN |
| Last Updated | 08/25/2016 01:36 PM |

### VALUATION SUMMARY

| | |
|---|---|
| **Base Vehicle Value** | **$ 11,340.00** |
| **Adjusted Vehicle Value** | **$ 11,340.00** |
| Vehicular Tax (10%)<br>Tax reflects applicable state, county and municipal taxes. | + $ 1,134.00 |
| **Total** | **$ 12,474.00** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by USAA.

Valuation was calculated assuming average mileage of 83,900 since no odometer value was provided.

**BASE VEHICLE VALUE**

This is derived from comparable vehicle(s) available or recently available in the marketplace at the time of valuation, per our valuation methodology described on the next page.

**ADJUSTED VEHICLE VALUE**

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

**Inside the Report**

Valuation Methodology .......... 2
Vehicle Information .......... 3
Vehicle Condition .......... 6
Comparable Vehicles .......... 7
Valuation Notes .......... 10
Supplemental Information .......... 11

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

Page 1 of 14

0901119c9787c161

USAA Confidential



22.

The CCC valuation report describes the "Base Vehicle Value" for Complainant's 2011 Buick LaCrosse CXL 4-Door Sedan with unknown miles as $11,340.00.

23.

From this $11,340.00 amount, a 10% vehicle tax is added of $1,134.00 for a "Total" of $12,474.00.

24.

Many times the CCC valuation system applies a "Condition Adjustment" either positive or negative, by using comparable vehicles but without knowing or examining the condition of the comparables used.

25.

The CCC Valuation system employs an algorithm to determine the adjustment amount for the comparables that is based on national data base(s) for vehicles and not local markets.

26.

NADA valuation reports for Complainant, Arthur Sampson, Jr.'s, vehicle described its "Clean Retail" value as approximately $6,725.00 adjusted for mileage and options.  This amount compared to the Adjusted Vehicle Value above of $5,999.00 means a difference of $726.

27.

NADA valuation reports for Complainant, Connie Nichols', vehicle described its "Clean Retail" value as approximately $14,175.00 adjusted for mileage and options.  This amount compared to the Adjusted Vehicle Value above of $11,340.00 means a difference of $2,835.00.

## BREACH OF CONTRACT AND BAD FAITH

28.

Complainant represents that the CCC valuation report used by USAA Casualty Insurance Company is unlawfully low in its evaluations of vehicle values and that USAA Casualty Insurance Company is aware of this fact.

29.

Complainants represent that the CCC valuation report is used by USAA Casualty Insurance Company to intentionally undervalue total loss claims through the use of obscure adjustments that systematically reduce values derived from comparables and do not comply with any of the methods required for valuation under LSA-R.S. 22:1892.

30.

Complainants represent that separate and apart from the CCC One Market Valuation Report, USAA Casualty Insurance Company knew or should have known that other valuation systems, such as the NADA used car guide or Kelly Blue Book, are the generally accepted valuation tools.  These are used by individuals selling their vehicles, automobile dealerships and the like so that as a practical matter, complainant's vehicle cannot be replaced for the lower amount tendered by USAA Casualty Insurance Company and moreover, the CCC valuation report valuation does not represent either the actual cash value of the vehicle or the fair market retail value of the vehicle, the replacement value or the cost to purchase a comparable motor vehicle.

31.

On information and belief, under the collision provisions of their insurance policies with USAA Casualty Insurance Company was obligated to pay for the "loss" of their vehicles.

32.

The parties intended and Louisiana statutory law demands that the "loss" be considered the fair market retail value of the vehicles.

33.

Complainants paid their premiums and submitted a claim to USAA Casualty Insurance Company for the "loss" of their vehicles.

34.

USAA Casualty Insurance Company paid only a portion of the "loss".

35.

Complainants allege that USAA Casualty Insurance Company's refusal to pay the full amount of the "loss" under the terms and provisions of their insurance policy with USAA Casualty Insurance Company, is a breach of the contract between USAA Casualty Insurance Company and its insureds, including the Complainants and those individuals similarly situated.

36.

On information and belief, USAA Casualty Insurance Company has breached its contractual obligations to the Complainants and other similarly situated, through its use of a vehicle valuation system which intentionally undervalues the "loss".

37.

USAA Casualty Insurance Company owes Complainants and others similarly situated the fair retail value of their vehicle as their "loss" and not the lower value determined by its valuation system, and USAA Casualty Insurance Company's refusal to pay the difference in value is arbitrary, capricious, without probable cause, and violates their duty of good faith and fair dealing.

38.

USAA Casualty Insurance Company's use of the CCC valuation report and its refusal to accept or pay the actual cash value of the vehicle as determined by a method authorized by LSA-R.S. 22:1892 is a breach of the terms and conditions of its policy with the Complainants and other similarly situated policy holders.

39.

On information and belief, USAA Casualty Insurance Company employs the use of the CCC One Market Valuation Report knowing that it will undervalue the "loss" of its policyholders' vehicles and further, that USAA knew this information at the time it entered into contract with the petitioner and others similarly situated.

**USE OF CCC VIOLATES LOUISIANA LAW**

40.

The aforementioned is a violation of USAA Casualty Insurance Company's affirmative duty to adjust claims fairly under the requirement of LSA-R.S. 22:1892 (formerly R.S. 22:658) and/or LSA-R.S. 22:1973 (formerly R.S. 22:1220) and it is therefore liable for penalties and attorney's fees.

41.

USAA Casualty Insurance Company's use of the CCC valuation product caused Complainants and others similarly situated to be paid less than they would have been had USAA used a valuation method allowed by LSA-R.S. 22:1892B5.

42.

USAA Casualty Insurance Company's use of the CCC One Market Valuation Report violates Louisiana law and specifically, LSA-R.S. 1892 (B)(5)(b) in that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry source," but instead

a tool employed for the specific purpose of undervaluing claims and thereby cheating its policy holders.

43.

Complainants specifically allege that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry source" within the intendment of R.S. 22:1892 (B)(5)(b). CCC One Market Valuation Reports are not used by any person or entity in the used vehicle industry. It is marketed exclusively to insurance companies with the intent of providing increased profits to its insurance company customers by undervaluing total loss vehicle claims.

44.

Complainants further allege that the CCC One Market Valuation Report is not a "fair market value survey" as authorized under LSA-R.S. 22:1892B(5)(a).

45.

USAA Casualty Insurance Company's use of the CCC valuation system is bad faith within the intendment of LSA-R.S. 22:1973 and has caused Complainants and other similarly situated damages and entitles Complainants and similarly situated to penalties under that statute.

46.

Complainants specifically allege that USAA Casualty Insurance Company has violated the statutorily imposed duty under LSA-R.S. 22:1973A, which requires an insurer to adjust claims promptly and fairly and to make a reasonable effort to settle claims with its insured.

47.

Complainants specifically allege that USAA Casualty Insurance Company has violated LSA-R.S. 22:1973(B)(5) in that more than 60 days have passed since they submitted satisfactory

proof of loss to USAA Casualty Insurance Company and to date, they have not paid the full amount due under the terms of their insurance contract.

48.

On information and belief, USAA Casualty Insurance Company employs a system which specifically misleads their insureds, intentionally undervalues their claims, and intentionally refuses to negotiate – all of which violate Louisiana law and the affirmative duty of good faith and fair dealing that USAA owes its insureds.

49.

Complainants alleged that to the extent that USAA Casualty Insurance Company's insurance policy conflicts with Louisiana State Law it should be deemed amended to conform and comply with the law.

## CLASS ACTION

50.

Complainants pray that this matter be certified and maintained as a class action on behalf of all past and present USAA Casualty Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or other unfair valuation tools used by USAA Casualty Insurance Company.

51.

Complainants represent that the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States, so that joinder of all members is impractical.

52.

Complainants represent that the questions of law and fact are common to the class which include the following, to-wit:

i. Is CCC One Market Valuation Report a "generally recognized used motor vehicle industry source" or a "fair market value survey" required under Louisiana State Law?

ii. Does defendant's use of the CCC One Market Valuation Report system constitute bad faith and/or breach of contract?

53.

Complainants represent that the claims and defenses of the representative parties is typical of the claims or defenses of the class.

54.

Complainants represent that while the injury/damage may vary, the measure of injury is uniform i.e. the difference between the value determined under the CCC One Market Valuation Report system and the actual value as determined under a legal system via NADA, Kelley Blue Book or another generally recognized used motor vehicle industry source.

55.

Complainants represent that the damages can be determined on a class wide basis by using some of the data relied upon by CCC One Market Valuation Report in its computations (i.e. year, make, model and mileage of the vehicle) and using a legal source for the value of the vehicles such as NADA.

56.

Complainants are members of the class they seek to represent, and their interests coincide with, and are not antagonistic to the other class members. Complainants are a representative party and will fairly and adequately protect the interest of the class.

57.

Complainants represent that the class is or may be defined objectively in the terms of ascertainable data such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

58.

Complainants further represent that the prosecution of separate actions by or against individuals of the class would create a risk of inconsistent or varying adjudications with respect to individual members and would establish incompatible standards of conduct for the party opposing the class.

59.

Complainants represent that the class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

60.

Complainants pray for a trial by jury.

**DAMAGES**

61.

Defendant is liable to complainant individually and on behalf of others similarly situated for all damages including but not limited to:

    a)    The difference between the amount tendered by USAA Casualty Insurance Company and the fair market value of the vehicle;

b) Penalties;

c) Attorney's fees;

WHEREFORE, Complainants, ARTHUR SAMPSON, JR. and CONNIE NICHOLS, individually and on behalf of others similarly situated, pray that defendant, USAA Casualty Insurance Company, be served with a certified copy of this complaint and be cited to appear and answer same, that after all legal delays and due proceedings had, there be a trial by jury, judgment rendered herein in favor of complainants and against defendant for such damages as are reasonable in the premises, with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for attorney's fees, and for all general and equitable relief allowed by law.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, APLC

 /s/ Kenneth D. St. Pe´
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 W. University Ave., Suite A
Lafayette, LA  70506
(337) 534-4043

THE MURRAY FIRM

 /s/ Stephen B. Murray, Sr.
STEPHEN B. MURRAY, SR. (Bar Roll No. 9858)
STEPHEN B. MURRAY, JR. (Bar Roll No. 23877)
ARTHUR M. MURRAY (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA  70130
(504) 525-8100

LAW OFFICES OF KENNETH W. DEJEAN

 /s/ Kenneth W. DeJean
Kenneth W. DeJean (Bar Roll #:  4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM

/s/ John Randall Whaley
JOHN RANDALL WHALEY (#25930)
BENJAMIN H. DAMPF (#32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Phone: 225-302-8810