**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **ARTHUR SAMPSON, JR. and CONNIE NICHOLS, Individually and on behalf of others similarly situated** | **CASE NO.: 6:19-CV-00896** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USAA CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE WHITEHURST** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

THE MURRAY LAW FIRM
Stephen B. Murray, Jr. (Bar Roll No. 23877)
Stephen B. Murray, Sr. (Bar Roll No. 9858)
Arthur M. Murray (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA 70130
(504) 525-8100

KENNETH D. ST. PÉ, APLC
Kenneth D. St. Pé (Bar Roll No. 22638)
311 W. University Ave., Suite A
Lafayette, LA 70506
(337) 534-4043

LAW OFFICES OF KENNETH W. DEJEAN
Kenneth W. DeJean (Bar Roll No. 4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM
John Randall Whaley (Bar Roll No. 25930)
Benjamin H. Dampf (Bar Roll No. 32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Phone: 225-302-8810

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

Background ........................................................................................................................... 4

Standard of Review ............................................................................................................... 6

Law & Argument .................................................................................................................. 7

   I.    Plaintiffs alleged sufficient facts to state a cause of action for violation of La. R.S. 22:1892B(5) and La. R.S. 22:1973. ....................................................................................... 8

      a.    Allegations regarding CCC sufficiently establish that CCC is not a local fair market value survey as required by La. R.S. 22:1892B(5)(a). ............................................................ 8

      b.    Defendant does not show that CCC in fact constitutes a "fair market value survey." ..... 9

   II.   Plaintiffs sufficiently alleged the damages they sustained as a result of Defendant USAA's violations of Louisiana law. ..................................................................................... 10

CONCLUSION ................................................................................................................... 13

Case 6:19-cv-00896-JDC-CBW   Document 9   Filed 10/02/19   Page 2 of 14 PageID #: 184

# **TABLE OF AUTHORITIES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................. 5

*Bertrand v. Eli Lilly & Co.*, No. CIV.A. 12-0853, 2013 WL 4093556,

   (W.D. La. Aug. 13, 2013) ............................................................................................. 5, 6

*Bustos v. Martini Club Inc.*, 599 F.3d 458 (5th Cir.2010) ............................................................ 5, 6

*FTC v. CCC Holdings, Inc.* 605 F.Supp.2d 26 (D.D.C. 2009) ....................................................... 11

*Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448 (5th Cir.2013) ......................................................... 5

*Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710

   (5th Cir. Oct.10, 2008) ........................................................................................................ 5

*Hayes v. Allstate Ins. Co.*, 1999-1558, La.App. 3 Cir. 3/1/00); 758 So.2d 900 .............................. 9

*Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) ...................... 11

*Skinner v. Switzer*, 562 U.S. 521 (2011) ........................................................................................... 5

*Slade v. Progressive Security Ins. Co.*, No. 6:11-cv-02164, 2017 WL 11318936

   (W.D.L.A. Oct. 2, 2017) ................................................................................................. 3, 7

**Statutes**

La. R.S. 22:1892 ......................................................................................................... 4, 6, 9, 10, 11, 13

La. R.S. 22:1973 ............................................................................................................................. 4, 13

NOW INTO COURT, through undersigned counsel, come Plaintiffs Arthur Sampson, Jr. and Connie Nichols, individually and on behalf of others similarly situated (collectively "Plaintiffs") to oppose Defendant USAA Casualty Insurance Co.'s ("USAA") Motion to Dismiss. In its Motion, USAA asserts that allegations virtually identical to those raised in half a dozen other lawsuits – one of which has been certified as a class action and is scheduled for trial to commence in August of 2020 – are insufficient to state a cause of action. USAA's motion runs roughshod over the standard applicable to motions on the pleadings, not only attaching extraneous exhibits, but also asking this Court to accept *ipse dixit* assertions about those documents, flouting the rule that all inferences are to be drawn in favor of the non-movant. Like the half-dozen identical lawsuits that are pending in state and federal courts in Louisiana, the instant suit alleges facts sufficient to state a cause of action for violations of La. R.S. 22:1892B(5) and La. R.S. 22:1973. This Court should deny Defendant's Motion to Dismiss.

## Background

The instant lawsuit is not novel. It follows on the heels of a number of identical lawsuits by first party vehicle total loss claimants which assert that their insurers' use of third party loss evaluation platforms, such as CCC, Mitchell Work Center Total Loss and Audatex Autosource, that routinely undervalue insureds' vehicles, violates both the specific requirements of La. R.S. 22:1892B(5) and the general obligations of good faith and fair dealing imposed by La. R.S. 22:1973. See *Slade v. Progressive*, No. 6:11-cv-02164 (W.D. La.); *Gautreaux v. Louisiana Farm Bureau Casualty Ins. Co.*, No. 81835, (La.Civil D.Ct. 16th JDC); *Reed v. Direct General*, No. 081489 (La.Civil D.Ct. 16th JDC); *Prudhomme v. GEICO*, No. 6:15-cv-00098 (W.D.L.A.); *Gobert v. Allstate*, No. 6:15-cv-00222 (W.D. La.). In all of those suits, the defendant insurers brought

4

Rule 12 motions to dismiss for failure to state a cause of action, and in every one, the presiding courts denied those motions and permitted the cases to proceed. *Reed* resulted in a class action settlement, in which a fairness hearing is set for October 2, 2019. *Slade* and *Gautreaux* have both been certified as class actions,[1] and *Slade* is set for trial in August 2020. Like the courts presiding over multiple suits identical to this one, this Court should deny the motion to dismiss and allow this case to proceed.

The allegations of Plaintiff's complaint, which, for purposes of USAA's motion, this Court must accept as true, set forth how USAA, like other insurance companies against which cases have proceeded well past motions on the pleadings, systematically violates its duties of good faith and fair dealing through the use of total loss valuation systems administered by third parties that cater exclusively to insurance companies.

USAA writes automobile insurance policies in Louisiana, including the policies issued to the Plaintiffs, which provide that, in return for payment of a premium, USAA will pay the actual cash value (ACV) of an insured vehicle when a total loss occurs.[2] To determine ACV, USAA employs the use of a valuation product marketed and sold to it by CCC Information Services, Inc. and called the CCC One Market Valuation Report.[3]

The aforementioned CCC market valuation report is a product marketed exclusively to insurance companies like USAA by CCC Information Services, Inc.[4] It derives values using comparable vehicles found in national databases,[5] which Plaintiffs allege systematically

---

[1] See *Slade v. Progressive Security Ins. Co.*, No. 6:11-cv-02164, 2017 WL 11318936 (W.D. La.. Oct. 2, 2017).
[2] Dkt. No. 2, Plaintiff's Complaint for Property Damages, Penalties, Attorney's Fees and for Class Certification, ¶11.
[3] *Id.* at ¶12.
[4] *Id.* at ¶13.
[5] *Id.* at ¶25.

undervalues claims in violation of Louisiana law.[6] This valuation system often applies a "Condition Adjustment," either positive or negative, using the comparable vehicles, but without knowing or examining the condition of the comparables used.[7] It employs an algorithm to determine the adjustment amount for the comparables that is based not on local markets for used automobiles, but rather on national database(s) for vehicles.[8]

Specifically, the Plaintiffs allege that their individual claims were undervalued by USAA's use of the CCC valuation system,[9] when compared to values derived using one of the three exclusive methods of determining actual cash value for automobile total loss claims prescribed by La. R.S. 22:1892(B)(5).[10] Plaintiffs also assert these claims on behalf of a putative class consisting of all Louisiana USAA customers who have had automobile total loss claims adjusted by the use of the CCC valuation system.[11]

## Standard of Review

It is axiomatic that "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct.10, 2008)(unpubl.) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521 (2011). "Courts must focus on the substance of the

---

[6] Plaintiff's Complaint, Dkt. No. 2 at ¶29.
[7] *Id.* at ¶24.
[8] *Id.* at ¶25.
[9] Plaintiff's Complaint, Dkt. No. 2 at ¶¶26-27.
[10] *Id.* at ¶41.
[11] *Id.* at ¶50-51.

relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir.2013) (citations omitted). *Louisiana Farm Bureau Mut. Ins. Co. v. Leviton Mfg. Co.*, No. CIV.A. 14-2700, 2015 WL 1221356, at *3 (W.D. La. Mar. 17, 2015).

The Court reviews the motion to dismiss under Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. " *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir.2010) (quotation marks omitted) (emphasis added). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U.S. at 570 (emphasis added). *Bertrand v. Eli Lilly & Co.*, No. CIV.A. 12-0853, 2013 WL 4093556, at *1 (W.D. La. Aug. 13, 2013).

Simply put, if "the plaintiff pleads factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged," the 12(b)(6) motion should be denied. *Twombly*, 550 U.S. 544, 556 (2007). The jurisprudence instructs that determining whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. *Bertrand v. Eli Lilly & Co.*, No. CIV.A. 12-0853, 2013 WL 4093556, at *1 (W.D. La. Aug. 13, 2013). Multiple courts have found allegations practically identical to those of the instant suit sufficient to meet this standard.

## Law & Argument

Here, the Plaintiffs' Petition satisfies the rudimentary pleading requirements of Rule 8, sufficiently alleging both violations of Louisiana's insurance laws and damages suffered by the Plaintiffs and the putative class as a result of those violations.

I. **Plaintiffs alleged sufficient facts to state a cause of action for violation of La. R.S. 22:1892B(5) and La. R.S. 22:1973.**

   a. *Allegations regarding CCC sufficiently establish that CCC is not a local fair market value survey as required by La. R.S. 22:1892B(5)(a).*

When considering whether the Plaintiffs sufficiently pleaded USAA's violation of Louisiana law, this Court must accept all well-pleaded facts as true, and view those facts in the light most favorable to the Plaintiffs. *Bustos v. Martini Club Inc.*, 599 F.3d at 461. Here, Plaintiffs allege that the CCC valuation system does not constitute a "fair market value survey using qualified retail automobile dealers in the local market area as resources."[12] The factual allegations contained in the Plaintiffs'' complaint support this allegation – namely that the CCC system draws values from a national database, not a survey of local dealers, and adjusts those values using algorithms that rely on national, not local data.[13]

Looking at the attached CCC report for Plaintiff Sampson – as part of the pleadings – the locations of the comparable vehicles used by the valuation system to derive ACV ranged from 78-136 miles away from the location of the insured.[14] It is Plaintiffs' allegation that these comparable vehicles were found in a national database,[15] rather than via a survey of local dealerships, as required by the statute. These factual allegations adequately state a claim for relief that is plausible on its face.

The ruling in the seminal case of this type, *Slade v. Progressive*, is instructive. See No. 6:11-CV-2164, 2013 WL 12182957 at *6 (W.D.L.A. Feb. 6, 2013). There, the defendant argued that the *Slade* plaintiff needed to plead factual allegations regarding the methodology employed

---

[12] Plaintiff's Complaint, Dkt. No. 2 at ¶44.
[13] *Id.* at ¶24-25
[14] See Def.'s Exhibit B, Dkt. No. 7-3, at p. 7-9.
[15] Plaintiff's Complaint, Dkt. No. 2 at ¶25.

by Mitchell Reports (a system identical to CCC) in order to survive a 12(b) motion. Defendants asserted that the allegation that Mitchell WCTL was not a "generally recognized used motor vehicle industry source," was insufficient to meet the *Iqbal/Twombly* standard, and plaintiffs should be required to provide specifics as to why WCTL was "not a generally recognized used motor vehicle industry source." The *Slade* court found that the allegation that WCTL was not a generally recognized used motor vehicle industry source was sufficient to state a plausible claim for relief. See *id.* at 7.

Similarly, an allegation that CCC is not a "fair market value survey" using "local dealers" alone would be sufficient. Here, Plaintiff has not only made such an allegation, but also provided specifics as to the how CCC works, and how it relies on a national data and algorithms rather than a fair market value survey of local dealers, allegations which do provide the specific ways in which CCC fails to qualify as a fair market value survey of local dealers under La. R.S. 22:1892B(5)(a).

Given the factual allegations of Plaintiffs' Complaint regarding how the CCC valuation system operates and the nearly-identical case in *Slade*, this Court should recognize that Plaintiffs have more than met their burden of pleading under *Twombly* and *Iqbal*.

> b. *Defendant does not show that CCC in fact constitutes a "fair market value survey."*

Defendant argues that 1) Plaintiff's allegations are "conclusory" and 2) even if they aren't, the CCC reports constitute a "fair market value survey" within the intendment of La. Rev. Stat. 22:1892. Given the above showing of well-pleaded factual allegations, and a court's consideration of an identical claim in *Slade*, Defendant's accusation of conclusory allegations with no factual support should fall flat. Their second argument, that CCC is in fact a "fair market value survey" presents a factual question that is outside of this Court's purview in ruling on a 12(b) motion to

9

dismiss. However, it is worth examining how CCC 1) does not constitute a survey and 2) does not attempt to find "fair market value."

Plaintiffs have alleged that, while CCC bases its valuations in part on vehicle in the local area, those values are manipulated by the use of information that did not come from local market dealers. Per Plaintiff's complaint, CCC does not obtain "local" comparables by a survey, but from a database – which actually puts its methodology in the purview of (5)(b), the "generally recognized used motor vehicle industry source."[16] See La. R.S. 22:1892(B)(5)(b). It then adjusts the comparable values pulled from its database using national data and algorithms, which do not comply with (5)(a)'s requirement that the survey be derived from local dealers.[17] Nothing in those CCC Reports or Defendant's Motion to Dismiss contradicts Plaintiff's allegations or shows CCC's methodology of obtaining and adjusting the comparable values. In fact, Sampson's CCC Report indicates that the source for most of the comparable vehicles was Autotrader.[18] In short, nothing shows that CCC constitutes a "survey" within the intendment of La. R. S. 22:1892(B)(5)(a).

The question of whether or not CCC's valuation system meets the requirements of La. Rev. Stat. 22:1892(B)(5) will ultimately be a factual one, determined after the full development of the facts in this case through discovery. It should not be decided at the stage of a Rule 12 motion, particularly not when the Plaintiffs have adequately stated a plausible claim for relief, as they have done here.

II. **Plaintiffs sufficiently alleged the damages they sustained as a result of Defendant USAA's violations of Louisiana law.**

To satisfactorily allege damages at this pleading stage, plaintiff need only allege that use

---

[16] Plaintiff's Complaint, Dkt. No. 2, ¶25.
[17] *Id.*
[18] See Def.'s Exhibit B, Dkt. No. 7-3, at p. 7-9.

10

of CCC resulted in an undervaluation when compared to the actual cash value as determined by a method that complies with Louisiana law – specifically La. Rev. Stat. 22:1892. Plaintiffs have given NADA and Kelly Blue Book as examples of recognized used motor vehicle sources that would value Plaintiffs' vehicles higher,[19] but Plaintiffs have offered these values only as examples. These allegations, when taken as true and viewed in the light most favorable to the Plaintiffs as required by law, clearly state an injury suffered by the Plaintiffs as a result of the Defendant's conduct.

In support of the damage allegations, Plaintiff alleged CCC base value is considerably less than NADA,[20] a source that Plaintiffs contend meets the requirements of La. R.S. 22:1892.[21] This fact alone has been found sufficient to warrant both damages and penalties under La. R.S. 22:658 (now La. Rev.Stat. 22:1892). See *Hayes v. Allstate Ins. Co.*, 1999-1558, p.7 (La.App. 3 Cir. 3/1/00); 758 So.2d 900, 904. In *Hayes v. Allstate*, the appellate court upheld the trial court's finding that the NADA value constituted the "industry standard" and provided the measure of plaintiff's damages. *Id.* at p.3-7. The *Hayes* court did not require the use of NADA to meet the statute, but did find it adequate for those purposes. *Id.* at 7. It's clear that the Plaintiffs here more than adequately pleaded the damages they suffered.

In claiming that Plaintiffs failed to sufficiently plead the monetary damages they suffered, Defendant USAA relies on legal quibbles over the meaning of La. Rev. Stat. 22:1892, irrelevant proceedings from other jurisdictions, and inappropriate citation to factual matters outside the pleadings here. None of this contradicts the fact that Plaintiffs adequately pleaded the damages that both they and the members of the putative class suffered as a result of USAA's bad faith

---

[19] Plaintiff's Complaint, Dkt. No. 2, ¶30.
[20] *Id.* at ¶¶26-27.
[21] *Id.* at ¶30.

adjustment of their claims.

Defendant introduces an argument over the interpretation of La. R.S. 22:1892(B)(5), claiming that the actual cash value of the Plaintiffs' loss vehicles must merely be "deduced or inferred based on information from one of the three statutorily accepted methods of valuation," and that Plaintiffs' use of NADA values as an example of a method of determining actual cash value "are insufficient to allege an actual injury."[22]

In making this argument, Defendant elides that Plaintiffs' actual claim is that the CCC report does **not** "deduce[] or infer[]" its values from one of the three statutorily accepted methods, and therefore violates Louisiana law. Plaintiffs allege that this violation causes their claims to be undervalued, and thus, that they suffered damages.[23] By the standard used to determine a whether Plaintiffs stated a claim for relief, it is clear that they have done so.

In support of its argument, Defendant cites a decision of the D.C. District Court for a proposition that it does not, in fact, contain. *FTC v. CCC Holdings, Inc.* was a review of and injunction against a potential merger under antitrust laws. See 605 F.Supp.2d 26, 30 (D.D.C. 2009). The inner workings of the CCC system as it compares to NADA or Kelley Blue Book were never at issue or disputed by either party in that case. *See id.* at 42. USAA cannot rely on the factual findings of a distant federal district court in *FTC v. CCC* in support of a motion to dismiss. This Court must look to the allegations of *this* case, and cannot rely on the factual findings of a case to which neither the Plaintiffs, nor any with interests remotely aligned with the Plaintiffs, is a party. The facts of a case in front of the D.C. District Court do not override the factual allegations here that CCC undervalued Plaintiff's vehicle in this case, nor do they implicate Louisiana law –

---

[22] Def.'s Mtn. to Dismiss, Dkt. No. 7, p._
[23] See Plaintiff's Complaint, Dkt. No. 2, ¶19.

12

specifically La. Rev. Stat. 22:1892 – in *any* way.

Finally, this Court should disregard the Defendant's citation to factual matters outside the pleadings in ruling on this 12(b) motion. As Defendant helpfully points out, this Court's review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (US), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Neither of the websites attached to Defendant's motion as Exhibits E and F were attached to or referenced by the Plaintiffs' Complaint, and give this Court no information useful in ruling on a Rule 12 motion.

Despite Defendant's effort to introduce these extraneous and irrelevant matters, the path forward for this Court here is clear. Plaintiffs adequately pleaded, both as individuals and on behalf of the class, the injury they suffered as a result of Defendant's use of CCC to undervalue their total loss claims. Taken in the light most favorable to the Plaintiffs, these factual allegations make it clear that this Court should deny Defendant's motion.

## CONCLUSION

Plaintiffs have made sufficient allegations to state causes of action under La. Rev. Stat. 22:1892 and La. Rev. Stat. 22:1973. This Court should deny USAA's motion, and allow this action to proceed, just as half a dozen identical actions complaining of the same unlawful practices are proceeding in both state and federal courts.

RESPECTFULLY SUBMITTED,

THE MURRAY LAW FIRM

*/s/Stephen B. Murray, Jr.*
Stephen B. Murray, Jr. (Bar Roll No. 23877)
Stephen B. Murray, Sr. (Bar Roll No. 9858)
Arthur M. Murray (Bar Roll No. 27694)
650 Poydras Street, Suite 2150
New Orleans, LA  70130
(504) 525-8100

KENNETH D. ST. PÉ, APLC
Kenneth D. St. Pé (Bar Roll No. 22638)
311 W. University Ave., Suite A
Lafayette, LA  70506
(337) 534-4043

LAW OFFICES OF KENNETH W. DEJEAN
Kenneth W. DeJean (Bar Roll No. 4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM
John Randall Whaley (Bar Roll No. 25930)
Benjamin H. Dampf (Bar Roll No. 32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA  70806
Phone:  225-302-8810

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2019, a copy of the above Memorandum was filed electronically with the Clerk of Court for the Western District of Louisiana using the Court's CM/ECF system. A copy of this Motion was contemporaneously served on counsel for all parties by electronic means and notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/Stephen B. Murray, Jr.*