UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ARTHUR SAMPSON, JR. and**
**CONNIE NICHOLS, individually and on**
**behalf of all those similarly situated**,

    Plaintiffs,

v.

**UNITED CASUALTY INSURANCE**
**COMPANY,**

    Defendant.    /

**CASE NO. 6:19-CV-00896**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE CAROL B. WHITEHURST**

### AGREED ORDER ESTABLISHING PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

This matter has been brought before the Court by the parties in the above-captioned litigation. The parties through counsel have agreed to the form and entry of this Order ("ESI Order") establishing a protocol for the production of Electronically Stored Information ("ESI") in this matter.

**1.    SCOPE**

    1.1    The procedures and protocols outlined herein govern the search for, review and production of ESI (as defined below) by a party during the pendency of this litigation.

    1.2    As used in this order, the terms "ESI" or "Electronically Stored Information" means discoverable documents and data existing in electronic form including e-mail, word processing documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information relevant to the claims or defenses of any party subject to discovery pursuant to Fed. R. Civ. P. 26.

**2.     IDENTIFICATION OF RESPONSIVE ESI.**

2.1     Documents and ESI which are neither privileged nor otherwise protected shall be timely reviewed and produced in accordance with this ESI Order. After receiving requests for production of documents, the party making the production (the "Producing Party") shall conduct a reasonable and good faith search for responsive ESI.

2.2     Absent a further order of the Court, a Producing Party shall not have an obligation to search or produce from sources of ESI that in good faith it identifies as not reasonably accessible because of undue burden or cost in accordance with Fed R. Civ. P. 26(b)(2)(B). However, a Producing Party shall have an obligation to disclose the details concerning the alleged undue burden and costs, and the sources of ESI it will not search based on undue burden or cost.

2.3     **Search Terms.** The parties shall meet and confer and attempt to reach agreement as to the method of searching, and the words, terms, and phrases to be used to locate and identify potentially responsive ESI. The parties shall also attempt to agree on the timing and conditions of any additional searches that may become necessary in the normal course of discovery.

2.4     **Custodians and Electronic Systems.** The parties shall meet and confer to identify the custodians whose email and other ESI will be searched, and any other electronic systems that will be searched, using the agreed search terms from Section 2.3. The parties shall also discuss prioritizing or tiering custodians, with the first priority custodians searched and reviewed first, and any further custodians searched only if the party requesting the discovery ("Requesting Party") identifies why searches of additional custodians are necessary and would not be largely duplicative.

2.5     **Technology Assisted Review in Lieu of Search Terms.** The parties may meet and confer regarding the propriety of using a technology assisted review platform to identify

potentially relevant documents and ESI in lieu of, in addition to, or in conjunction with identifying responsive ESI using the search terms and custodians/electronic systems as described in Sections 2.3 & 2.4 above.

  2.6 **Date Range.** The parties shall meet and confer regarding the appropriate date range for searching sources of ESI.

  2.7 **System Files.** Common system and program files as defined by the NIST library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed or produced. The parties shall meet and confer on any additional file types that also need not be processed, reviewed, or produced.

**3. PRODUCTION OF ESI**

  3.1 **General Document Production Format**. The following provisions shall generally govern the production format and procedure for ESI other than databases or spreadsheets.

    3.1.1 **Format.** All ESI shall be produced in a single- or multi-page 300 dpi PDF or TIFF image with an appropriate load file as agreed to by the parties, with the exception of ESI reasonably requested to be produced in other formats, including but not limited to native and usable formats, in which case the format requested will be produced subject to objection by the producing party and resolution by the Court. The documents shall also be processed through Optical Character Recognition (OCR) Software with OCR text files provided along with the production. Extracted Text shall be provided for all documents unless it cannot be obtained. To the extent a document is redacted, OCR text files for such document shall not contain text for the redacted portions of the document. Each image will be assigned a Bates number that: (1) is unique across the entire document production; (2) maintains a constant length across the entire production padded to the same number of characters; (3) contains no special characters or embedded spaces;

4831-6024-1343.1

and (4) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production. Each image file shall be named with the Bates Number corresponding to the number assigned to the document page contained in that image. In the event a party determines that it is unable to produce in the format specified in this section without incurring unreasonable expense, the parties shall meet and confer regarding an alternative format for production. With the exception of redactions, no watermark, confidentiality designation, or other marking will be used that overlays or obscures text and/or images.

3.1.2 **Metadata.** Unless otherwise requested, to the extent that any of the following metadata fields associated with all applicable documents are available, the Producing Party will produce those metadata fields to the Requesting Party: file name, file size, author, application date created, file system date created, application date last modified, file system date last modified, date last saved, original file path, subject line, date sent, time sent, sender/author, recipient(s), copyee(s), and blind copyee(s). For emails with attachments, the Producing Party will indicate when a parent-child relationship between the message and the attachment exists. A Producing Party shall also produce a load file with each production with the following fields: Starting Bates; Ending Bates; Begin Attach; End Attach; and Source (custodian/location from which document was collected). If any metadata described in this section does not exist, is not reasonably accessible, is not reasonably available, or would be unduly burdensome to collect or provide, the parties shall meet and confer regarding such metadata.

3.1.3 **Appearance.** Each document's electronic image shall convey the same information and image as the original document except for redactions for any privilege, which shall be designated on the image and logged, or for the confidential or identifying information of

an insured other than the named Plaintiffs in this case prior to certification of a class. Documents shall appear with any revisions and/or comments visible and printed. Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer in an attempt to resolve the problems.

   3.1.4 **Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the Producing Party or shall be documented in a load file or otherwise electronically tracked.

   3.1.5 **Color.** Documents containing color need not be produced in color in the first instance, unless production of such documents in grayscale or black and white would unreasonably obscure text or images. However, if good cause exists, the Requesting Party may request production of such documents in color by providing (1) a list of the Bates numbers of documents requested to be produced in color format; and (2) an explanation of the need for production in color format. The Producing Party shall not unreasonably deny such requests if the Requesting Party has demonstrated good cause, but need not make such production until the parties reach agreement regarding apportionment of any additional costs associated with the production of documents in color or, in the absence of such agreement, until ordered to do so by the Court.

   3.1.6 **Exception Files**. Files that cannot be produced or imaged due to technical difficulties shall be identified as exception files and identified on a log listing the file's name, custodian, and reason for the exception. Common exception files include, without limitation, corruption, password protection, digital rights management, or proprietary software associated to the file.

  3.2 **Production Media.** The Producing Party shall produce documents via upload to secure FTP site or on DVD, external hard drive (with standard PC compatible interface), or such

4831-6024-1343.1

other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall be preceded/labeled with (1) the party making the production, (2) the date of the production, (3) text referencing that it was produced in the title of this case; (4) the Bates Number range of the materials contained on the Production Media; and (5) any confidentiality designation(s) consistent with the terms of any Protective Order entered in this matter. To maximize the security of information in transit, any Production Media may be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.

      3.3.    **Duplicate Production Not Required.** ESI files need only be produced once. The Producing Party will apply global deduplication to responsive ESI based on MD5 Hash values or an equivalent deduplication key. Email will be deduplicated by family, not on an individual basis. Additionally, to the extent reasonably accessible, all custodians of removed duplicates will be listed in an "All Custodians" field and identified by full name of the individual or departmental custodian. Stand-alone documents may be deduplicated against email attachments provided that the email attachment is the duplicate that is produced and the custodian(s) of the removed duplicate(s) are entered into the All Custodian field.

      3.4.    **Privilege Logs.** A party withholding documents based on one or more claims of privilege will produce a privilege log. There will be no obligation to produce privilege logs identifying attorney-client communications with outside counsel concerning case strategy or the course of litigation that occur following the commencement of this lawsuit, including the efforts to locate and collect documents and ESI in response to a discovery request in this matter. Nothing

6

in this paragraph precludes depositions or discovery concerning the availability of data and custodians.

**4. CLAWBACK AGREEMENT**

4.1 **No Waiver of Disclosure.** Section 4 is agreed to pursuant to Fed. R. Evid. 502(d). Any Producing Party that inadvertently discloses or produces a document or information that it thereafter claims to be privileged or otherwise protected from discovery ("Protected Information"), in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production in this or any other action.

4.2 **Notice Requirements.** A Producing Party must promptly notify all parties receiving the Protected Information ("Receiving Party") in writing that it has inadvertently disclosed the Protected Information without intending to waive the privilege or protection. Upon receipt of such notification, each Receiving Party must within seven days (1) return the Protected Information, including all copies, to the Producing Party, or (2) notify the Producing Party in writing that it has destroyed the Protected Information including all copies. Each Receiving Party must also cease any use and dissemination of the Protected Information until further order of the Court ruling that such information is not privileged or otherwise protected. Moreover, any party that receives any document or information during the course of discovery in this action that it knows or reasonably should know is likely to be subject to a claim of privilege or other protection from discovery shall so inform the Producing Party and all other parties in writing within seven days of becoming aware of the potentially privileged document or information.

4.3 **Contesting Claim of Privilege of Work Product.** If a Receiving Party contests the claim of privilege or other protection made under Section 4.2 above, the Receiving Party may move the Court for an Order compelling disclosure. Any Protected Information disclosed or filed

with the motion shall be filed under seal with the Court. Pending a resolution of the motion, the Receiving Party shall not use or otherwise disseminate the Protected Information. The burden of proof for any such motion remains with the party asserting that the Protected Information is privileged or otherwise protected from disclosure.

4.4 **Effect.** The provisions in Section 4 of this ESI Order are intended to protect all parties to this action, to the fullest extent permissible by law, against any unintended waiver of the attorney-client privilege and/or the attorney work product doctrine that might otherwise arise from the inadvertent disclosure of privileged or protected documents or information. Nothing in this ESI Order shall relieve a party from taking reasonable steps to protect and avoid the production of privileged or protected documents or information.

**5. MISCELLANEOUS PROVISIONS**

5.1 If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to agree on a reasonable, alternative form of production. Any party may file a motion with the Court to seek individual relief from this ESI Order.

5.2 Each party will presumptively bear its own costs of production. However, the parties reserve the right to seek an allocation or reallocation of the costs of a production cost.

5.3 Nothing in this ESI Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

5.4 The parties may agree to modify or waive the terms of this ESI Order in writing signed by counsel for the affected parties.

IT IS SO ORDERED.

Dated: June 24, 2020

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

Agreed to and submitted by:

*/s/Kenneth D. St. Pé*
Kenneth D. St. Pé
KENNETH D. ST. PÉ, APLC
311 W. University Ave., Suite A
Lafayette, LA 70506
Telephone: 337-534-4043
Facsimile: 337-534-8979
Email: kds@stpelaw.com

John Randall Whaley
Benjamin H. Dampf
WHALEY LAW FIRM
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA 70806
Telephone: 225-302-8810
Facsimile: 225-302-8814
Email: jrwhaley@whaleylaw.com
ben@whaleylaw.com

Stephen B. Murray, Sr.
Stephen B. Murray, Jr.
Arthur M. Murray
THE MURRAY FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: 504-525-8100
Facsimile: 504-584-5249
Email: smurray@murray-lawfirm.com
smurrayjr@murray-lawfirm.com
Amurray@murray-lawfirm.com

Kenneth W. DeJean
LAW OFFICES OF KENNETH W. DEJEAN
Post Office Box 4325
Lafayette, LA 70502-4325
Telephone: 337-235-5294
Facsimile: 337-235-1095

*/s/Christopher P. Ieyoub*
Rodger L. Eckelberry (Ohio Bar # 0071207)
Andrea C. Wiltrout (Ohio Bar # 0098288)
Mathew G. Drocton (Ohio Bar #0093742)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: 614-228-1541
Facsimile: 614-462-2616
Email: reckelberry@bakerlaw.com
awiltrout@bakerlaw.com
mdrocton@bakerlaw.com

Christopher P. Ieyoub (#16978)
PLAUCHE, SMITH & NIESET
1123 Pithon Street
P.O. Drawer 1705
Lake Charles, Louisiana 70602
cieyoub@psnlaw.com
Telephone: (337) 436-0522
Facsimile: (337) 436-9637

Jordan A. Sinclair (admitted *Pro Hac Vice*)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713-751-1600
Facsimile: 713-751-1717
Email: jsinclair@bakerlaw.com

*Attorneys for Defendant
USAA Casualty Insurance Company*

9

Email:  kwdejean@kwdejean.com

*Attorneys for Plaintiffs*